UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

July 26, 2006

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 04-1507 | Appeal from the United States District Court for the |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Northern District of Illinois, Eastern Division. |
| *v.* | No. 02 CR 635 |
| RODNEY MCLEE, *Defendant-Appellant.* | Charles P. Kocoras, *Judge*. |

**O R D E R**

This court ordered a limited remand so the district court could state on the record whether the sentence remains appropriate now that *United States v. Booker*, 125 S. Ct. 738 (2005), has limited the Sentencing Guidelines to advisory status.  *See United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005).  The district judge has now replied that he would today impose the same sentence, knowing of the Sentencing Guidelines' advisory status.

McLee's sentence of 262 months concurrent on Counts 1 and 2 was the lowest possible sentence within the advisory range of 262 to 327 months, and these terms were ordered to run concurrent with shorter terms on Counts 5 and 8.  Combined with a 60-month consecutive sentence on Count 3, he was sentenced to a total of 322 months.  The United States did not respond to our invitation to file an argument in this court regarding the district court's *Paladino* remand statement.  McLee now argues that a proper consideration of the factors specified in 18 U.S.C.

§ 3553(a) would have resulted in a different sentence at the original sentencing such that a "full remand" for resentencing is required.

In *Paladino*, we held that if a district court responds to a limited remand with a statement that it would reimpose the same sentence, "we will affirm the original sentence against a plain-error challenge provided that the sentence is reasonable." 401 F.3d at 484. We do not see any reason why McLee's sentence of 322 months would be deemed "unreasonable" in post-*Booker* practice. The judgment of the district court therefore is AFFIRMED.